UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASIL LEON HUBLEY,<br><br>      Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>      Defendant. | No. CV-11-0299-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. ECF No. 13, 17.) Attorney Lora Lee Stover represents Asil L. Hubley (Plaintiff); Special Assistant United States Attorney Michael S. Howard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for Supplemental Security Income

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Under FED. R. CIV. P. 25 (d), Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

(SSI) on April 7, 2009.[2] Tr. 16. He alleged disability due to a broken right hand, deformed right hip, right knee, and right pelvis. Tr. 241. His claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on July 10, 2008, before ALJ R. J. Payne. Tr. 44-94. Plaintiff, who was represented by counsel, and medical expert Arthur Lorber, M.D., testified. (*Id*.) The ALJ denied benefits on July 29, 2010, and the Appeals Council denied review. Tr. 16-30, 1-6. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is

---

[2] Plaintiff's prior application for SSI was filed on July 10, 2008, and denied by initial determination on August 31, 2008. Plaintiff did not appeal that denial. Tr. 16, 107, 193.

conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental medically determinable impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 29 years, married with ten children, nine of which were living at home with him and his spouse. Tr. 29, 50. He testified he had a 10th grade education and was working on his high school equivalency degree by attending math classes at the community college. Tr. 75-76. He reported past work experience as a laborer, bookkeeper, and telemarketer between 1998 and 2000. Tr. 229.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

Plaintiff reported he was diagnosed with Blount's disease as a child and suffered from bone deformities that affected his ability to work. He testified he could not sustain work due to pain caused by his bone deformities. Tr. 78-79.

## ADMINISTRATIVE DECISION

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 7, 2009. Tr. 18. At step two, he found Plaintiff had the severe impairments of "fracture injuries to the right hand; Blount's disease; right knee torn lateral meniscus status post repair; obesity; and diminished internal rotation of right hip." Id. He found depression was not a medically determinable impairment. Id. At step three, considering the effects of obesity, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). Plaintiff's representative stipulated to a step five determination. Tr. 18-19, 93.

At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform sedentary work, and specified the following exertional and non-exertional limitations:

> The claimant can stand/walk for one hour at a time and he can stand and walk for a combination of 4 hours total in an 8 hour workday. He can sit for a total of 8 hours in an 8 hour workday. The clamant can lift up to 10 pounds continuously, 20 pounds frequently, and 50 pounds occasionally. He can carry up to 10 pounds frequently and 20 pounds occasionally. The claimant can use his upper extremities continuously to reaching in all directions, handle, finger, feel and push and pull. The clamant has no restrictions in his left lower extremity and he can occasionally use his right lower extremity to operate foot controls. He can climb ramps and stairs occasionally, but he can never climb ladder, ropes, or scaffolds. He cannot balance, crawl, or kneel, but he can occasionally stoop or

```
        crouch.  The clamant should avoid unprotected heights and
        slippery wet surfaces.  He can occasionally be around
        mechanical moving parts and he can occasionally operate a
        motor vehicle.
```

Tr. 20. In his step four findings, the ALJ discussed Plaintiff's testimony and summarized the medical evidence in detail. He concluded Plaintiff's subjective symptom complaints that were inconsistent with the RFC above were not credible. Tr. 20-28. He then found Plaintiff had no past relevant work and proceeded to step five. Tr. 29.

At step five, the ALJ found transferability of job skills was not an issue because Plaintiff had no past relevant work. He applied the Commissioner's Medical-Vocational Guidelines (the "Grids"),[3] 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.24, to determine there are jobs in the national economy that Plaintiff can perform. Tr. 29. He concluded Plaintiff had not been disabled, as defined by the Social Security Act, since April 7, 2009. Tr. 30.

**ISSUES**

The question is whether the ALJ's decision is supported by

---

[3] The Grids were adopted by the Social Security Administration to improve the efficiency and uniformity of Social Security benefits proceedings. *Desrosiers v. Secretary of Health and Human Serv's*, 846 F.2d 573, 577 (9th Cir. 1988). Their use was upheld as valid in *Heckler v. Campbell*, 461 U.S. 458 (1983). The use of the Grids is appropriate where "a claimant's functional limitations fall into a standardized pattern accurately and completely described by the Grids." *Tackett*, 180 F.3d at 1103 *(citing Desrosiers,* 846 F.2d at 577).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

substantial evidence and free of legal error.  Plaintiff asserts the ALJ erred when he assessed Plaintiff's credibility and RFC, and when he applied the Grids at step five.  Specifically, he argues the ALJ was required to consider vocational expert testimony at step five regarding the effect of non-exertional limitations, including pain, on his ability to perform sedentary work.  ECF No. 14 at 10-11.  Defendant argues the ALJ's decision is supported by substantial evidence and should be affirmed.  ECF No. 18.

**DISCUSSION**

**A.   Credibility**

Plaintiff argues his testimony is consistent with objective medical evidence and is not compatible with an ability to sustain work.  He claims evidence of medical abnormalities and his self-reported need to rest and pain symptoms, if given proper weight, entitle him to benefits.  ECF No. 14 at 9-10.  However, in this case, evidence of medical abnormalities and Plaintiff's subjective complaints are not adequate to establish disability.  As held by the Ninth Circuit:

> An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423 (d)(5)(A). . . . This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce <u>some</u> pain; many medical conditions produce pain not severe enough to preclude gainful employment.

*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1999).  Further, in assessing credibility, the ALJ does not need to totally reject or accept a claimant's statements – based on consideration of all the evidence in the record, the ALJ may find the claimants statements

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

regarding limitations, symptoms, and pain credible "to a certain degree." *SSR* 96-7p.  The record shows the ALJ's discounted Plaintiff's testimony and found him capable of sedentary work with limitations to address those symptoms found credible.  The ALJ's credibility determination meets the legal standard for rejecting subjective complaints in these proceedings.  *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004).

When the ALJ finds a claimant's symptom allegations are not credible, if there is no affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  If the ALJ's credibility findings are supported by substantial evidence in the record, "the court may not engage in second-guessing." *Thomas V Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1999)("Credibility determinations are the province of the ALJ.").  Once the ALJ has found a claimant's medically determinable impairments could reasonably be expected to produce alleged symptoms, he must consider certain factors in determining credibility.  Those factors include reported daily activities inconsistent with alleged complaints; inconsistencies between allegations and conduct; observations of physicians and third parties concerning the nature, severity, and effect of the alleged symptoms; and any unexplained failure to follow treatment recommendations.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007);

*Social Security Ruling (SSR)*[4] 96-7p.

Here, it is undisputed there is no affirmative evidence of malingering. The ALJ properly summarized Plaintiff's written reports and hearing testimony and gave specific reasons for discounting Plaintiff's allegations. For example, he referenced Plaintiff's inconsistent statements and self-reported daily activities and found they reflected adversely on Plaintiff's credibility regarding the severity of his impairments. Tr. 28. This was a reasonable finding given the nature of Plaintiff's inconsistent statements. *See, e.g.,* Tr. 51, 178, 300, 329, 361. He noted Plaintiff's reported ability to care of his nine children, observations by examining physicians of no muscle weakness, normal gait and a "tendency" to intoe, a gap in treatment notes, ability to walk when he had no vehicle, lack of objective evidence of arthritis, and reports by providers that he was a "vague historian." Tr. 22. These are proper factors to consider in assessing credibility. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

In addition, the ALJ referenced Plaintiff's report of various activities that are inconsistent with total disability, such as

---

[4] Social Security Rulings are issued to clarify the Commissioner's regulations and policy. They are not published in the federal register and do not have the force of law. However, under the case law, deference is given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

running, jogging, playing soccer with his children, riding a stationary bike, performing a variety of household chores and attending school. Tr. 28. These various self-reported physical and mental activities are not consistent with Plaintiff's claim that pain restricts him from sustaining work-related activities. *See, e.g.*, Tr. 83, 86, 88, 91, 264, 361-62.

The ALJ also found medical evidence did not support the degree of limitation claimed by Plaintiff. Observations from medical providers is properly considered in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)(objective medical evidence is a factor considered in credibility analysis); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165, 1166 (9th Cir. 2001)(evidence that claimant's doctor released claimant to light work supports rejection of severe symptom testimony). Specifically, the ALJ summarized examinations by Plaintiff's treating orthopedic specialist that revealed no condition that would cause total disability. Tr. 23. As noted by the ALJ, even when Plaintiff was prescribed and wearing a knee brace, the orthopedic surgeon found Plaintiff's knee was relatively normal and questioned whether there was any clinical need for it. Other than a repair to a meniscal tear, the specialist found no treatment for the knee was necessary. Tr. 24-25, 388. The ALJ properly gave this treating specialist's findings significant weight, weight that supports the ALJ's credibility findings. 20 C.F.R. § 416.927(c)(5).

The ALJ's credibility findings are supported by the Plaintiff's hearing testimony and the record in its entirety. The ALJ did not err in discounting Plaintiff's allegations that pain, fatigue, and

symptoms caused by his medical condition rendered him unable to work. *Lingenfelter*, 504 F.3d at 1040.

**B.  RFC Determination**

In disputing the ALJ's credibility findings, Plaintiff argues the ALJ's RFC determination is erroneous because it does not take into consideration his limited education, his alleged level of pain, and alleged limitations caused by his hand injury. ECF No. 14 at 10. Plaintiff's argument the ALJ failed to consider his limited education is without merit, as this is a vocational factor that was properly considered at step five when the ALJ appropriately applied the Grids. 20 C.F.R. § 416.960(c)(1). Regarding pain complaints, as discussed above, the ALJ gave specific, legally sufficient reasons for discounting Plaintiff's allegations of disabling pain. The ALJ's findings are supported by the record and constitute a rational interpretation of the evidence. As noted by the ALJ, Plaintiff testified that his prescribed medication relieves his pain and has no side effects that inhibit his ability to function during the day. Tr. 28, 91. Further, Plaintiff testified that after he injured his right hand in a carpet roller when he was 18 or 19, he was able to return to work at the same job. Tr. 76-77. As found by the ALJ, medical reports do not document hand deformities. Rather, medical providers noted mild hand deformity, no atrophy and no muscle weakness on examination. Tr. 27, 302-03, 361, 365-66. Plaintiff's reported activities (playing some football, throwing Frisbee with his children, and performing regular household chores) are inconsistent with a claim of significant hand limitations. Tr. 85-91. The ALJ's RFC determination is supported by substantial

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

evidence and is affirmed.

**C.   The Grids**

Plaintiff argues application of the Grids at step five was not appropriate. He asserts remand is necessary for payment of benefits or additional proceedings to include vocational expert testimony. ECF No. 14 at 11.

At step five, the burden shifts to the Commissioner to show the claimant can perform other substantial gainful activity and a "significant number of jobs exist in the national economy" which claimant can perform. *Kail*, 722 F.2d at 1498. As noted above, the Grids were adopted to improve the efficiency and uniformity of these proceedings at step five. *Desrosiers,* 846 F.2d at 577. Plaintiff argues that vocational expert testimony is required to explain the effect his RFC has on his ability to perform sedentary work and to identify jobs that he can perform. However, where a claimant's non-exertional limitations would not significantly erode an occupational base, application of the Grids is appropriate. *Desrosiers,,* 846 F.2d at 577 ("non-exertional limitations do not automatically preclude applications of the grids").

Here, the ALJ determined Plaintiff was capable of performing a modified level of sedentary work in that he could lift and carry weight in excess of sedentary limits. Tr. 20. Sedentary work generally involves lifting no more than 10 pounds at a time. The ALJ found Plaintiff could lift up to 20 pounds frequently, 50 pounds occasionally; therefore, Plaintiff's RFC can accommodate a broad range of work at the sedentary exertional level. Tr. 20. In addition, the non-exertional limitations listed in the final RFC

determination are not activities performed in unskilled sedentary work (*i.e.,* climbing ladders, ropes, scaffolds, balancing, crawling, or kneeling, etc.).  For example, unskilled sedentary level jobs involve work performed primarily in a seated position and involve good use of the hands. *SSR* 83-10.  Significantly, the ALJ found Plaintiff still had good use of his hands, and Plaintiff cites no medical evidence or medical provider's opinion to dispute this finding. Tr. 27, 302-03; *see* ECF No. 14 at 10. Plaintiff's properly discounted subjective complaints do not undermine the ALJ's functional capacity assessment. *Bayliss v Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (RFC assessment includes all limitations supported by substantial evidence in the record that is not dependent solely on a claimant's subjective complaints).

It is noted on independent review that the ALJ considered whether vocational expert testimony was needed.  Tr. 93. He reasonably concluded the evidence in its entirety establishes that Plaintiff's non-exertional limitations have very little effect on the sedentary level occupational base.  The ALJ decision that vocational expert was not necessary in this case is supported by substantial evidence.  Tr. 30, 93.  The ALJ's use of the Grids at step five is appropriate; therefore, reversal is not required. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **GRANTED.**

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1  The District Court Executive is directed to file this Order and
2  provide a copy to counsel for Plaintiff and Defendant.  Judgment
3  shall be entered for Defendant, and the file shall be **CLOSED**.
4     DATED April 18, 2013.

```
                       S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE
```

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13